Copies Mailed/Faxed
Chambers of Vincent L. Briccetti

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

WOODMONT RAMAPO, LLC,                    :

               Plaintiff,                    :

v.                                       :

                              :

ANTHONY PARKS,                           :

               Defendant.                   :

-----------------------------------------------------------------x

**ORDER**

23 CV 594 (VB)

On January 23, 2023, defendant, proceeding pro se and in forma pauperis, removed this action from Justice Court, Town of Ramapo. (Doc. #1).

On March 17, 2023, plaintiff moved to remand this action to state court. (Doc. #5).

By Order dated May 11, 2023, the Court sua sponte extended (i) defendant's deadline to respond to the motion to remand to June 5, 2023, and (ii) plaintiff's deadline to file a reply in support of the motion to remand, if any, to June 20, 2023. (Doc. #19).

By Order dated May 19, 2023, the Court (i) observed that plaintiff had been serving defendant by mailing filings to him at a different address than the address listed on the docket; (ii) directed plaintiff to re-serve all previously served papers on defendant at the proper address, as indicated on the docket, by May 23, 2023; and (iii) directed plaintiff to file proof of service on the docket by May 23, 2023.

On May 21, 2023, plaintiff's counsel filed a certificate of service indicating he re-served all previously filed papers on defendant by "mailing a true copy of the attached papers, enclosed and properly sealed in a postpaid envelope, via first class mail, certified mail, and overnight mail, return receipt requested" and addressed to defendant at the address listed on the docket: 130 W. Pleasant Ave., #327, Maywood, NJ 07607. (Doc. #21). Further, the certificate of service provided two U.S. Postal Service tracking numbers: 9489009000276514228493 and 9489009000276514228509.

According to the U.S. Postal Service tracking information, attached hereto, plaintiff's envelopes "were delivered to an individual at the address at 10:04 a.m. on May 26, 2023 in MAYWOOD, NJ 07607."

On May 31, 2023, defendant filed a motion to strike plaintiff's motion to remand, or alternatively to order plaintiff to serve defendant with the motion to remand. (Doc. #22). In defendant's supporting affirmation, defendant "is swearing to the court under penalty of perjury that it Never received plaintiffs motion of March 17th, 2023" and "therefore Defendant cannot respond to a motion that it never received." (Doc. #23).

Accordingly, it is hereby ORDERED:

1. Defendant's statement is inconsistent with the certificate of service filed by plaintiff's counsel and the U.S. Postal Service tracking information attached hereto, which indicate plaintiff received the motion and supporting materials on May 26, 2023.  However, the Court is mailing defendant a copy of the motion to remand and supporting papers with this Order.

2. Defendant's deadline to respond to the motion to remand is <u>sua</u> <u>sponte</u> extended to **<u>July 5, 2023</u>**.  Plaintiff's deadline to file a reply, if any, is <u>sua</u> <u>sponte</u> extended to **<u>July 19, 2023</u>**.

3. Defendant's motion to strike is DENIED.  (Doc. #22).

Any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  <u>Cf</u>. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

The Clerk is instructed to terminate the motion to strike.  (Doc. #22).

Chambers will mail a copy of this Order, the motion to remand, and all documents in support of the motion to remand, to defendant at the address listed on the docket.

Dated: June 2, 2023
 White Plains, NY

     SO ORDERED:

     Vincent L. Briccetti
     United States District Judge

# USPS Tracking®

FAQs >

Tracking Number:                                                                                    Remove ✕

# 9489009000276514228493

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item was delivered to an individual at the address at 10:04 am on May 26, 2023 in MAYWOOD, NJ 07607.

Get More Out of USPS Tracking:

USPS Tracking Plus®

**Delivered**
**Delivered, Left with Individual**
MAYWOOD, NJ 07607
May 26, 2023, 10:04 am

**Departed USPS Regional Facility**
TETERBORO NJ DISTRIBUTION CENTER
May 26, 2023, 3:40 am

**Arrived at USPS Regional Facility**
TETERBORO NJ DISTRIBUTION CENTER
May 25, 2023, 10:32 am

**Arrived at USPS Regional Facility**
KEARNY NJ DISTRIBUTION CENTER
May 24, 2023, 10:15 pm

**Accepted at USPS Origin Facility**
RANDOLPH, NJ 07869
May 24, 2023, 9:00 pm

**Pre-Shipment Info Sent to USPS, USPS Awaiting Item**

Feedback

May 23, 2023

● **Hide Tracking History**

| **Text & Email Updates** | ⌄ |

| **Return Receipt Electronic** | ⌄ |

| **USPS Tracking Plus®** | ⌄ |

| **Product Information** | ⌄ |

**See Less** ⌃

Track Another Package

Enter tracking or barcode numbers

# Need More Help?

Contact USPS Tracking support for further assistance.

FAQs

# USPS Tracking®

FAQs >

Tracking Number:

Remove ✕

## 9489009000276514228509

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item was delivered to an individual at the address at 10:04 am on May 26, 2023 in MAYWOOD, NJ 07607.

Get More Out of USPS Tracking:

USPS Tracking Plus®

## Delivered
### Delivered, Left with Individual
MAYWOOD, NJ 07607
May 26, 2023, 10:04 am

**See All Tracking History**

Feedback

## Text & Email Updates                                    ⌄

## Return Receipt Electronic                               ⌄

## USPS Tracking Plus®                                      ⌄

## Product Information                                      ⌄

See Less ⌃

Track Another Package

Enter tracking or barcode numbers

# Need More Help?

Contact USPS Tracking support for further assistance.

FAQs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

STERLINGTON HOLDINGS, INC.,
d/b/a WOODGROVE AT STERLINGTON
formerly Woodmont Ramapo, LLC
950 WOODMONT LANE
SLOATSBURG, NY 10974

               Plaintiff,

Civil Action No.  23-CV-594

-against-

NOTICE OF MOTION TO
REMAND

ANTHONY PARKS
717 WOODMONT LANE
SLOATSBURG, NY 10974

JOHN DOE, JANE DOE
717 WOODMONT LANE
SLOATSBURG, NY 11109

               Defendants.
-------------------------------------------------------------X

     **PLEASE TAKE NOTICE**, that upon the annexed Affirmation of Glenford Warmington,

Esq., as attorney for Petitioner, Sterlington Holdings, Inc., d/b/a Woodgrove at Sterlington,

formerly Woodmont Ramapo, LLC dated March 15, 2023, and all other papers herein, I will move

the Court, Room 17C, on April 17, 2023, for an Order remanding this action to its original forum,

Justice Court of the Town of Ramapo, County of Rockland, State of New York and for any other

just relief that the Court deems appropriate.

Issued: March 15, 2023

                            Glenford Warmington, Esq.
                            Griffin Alexander, P.C.
                            11 Broadway, Suite 615
                            New York, NY 10004
                            212-374-9790
                            *Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

WOODMONT RAMAPO, LLC, LLC                    Civil Action No.  23-CV-594
950 WOODMONT LANE
SLOATSBURG, NY 10974

                    Plaintiff,

-against-

ANTHONY PARKS,
717 WOODMONT LANE,
SLOATSBURG, NY 10974

JOHN DOE, JANE DOE
717 WOODMONT LANE
SLOATSBURG, NY 11109

                    Defendants

-------------------------------------------------------------X

**NOTICE OF MOTION TO REMAND**

Griffin Alexander P.C.
**Attorneys for Plaintiff**
11 Broadway, Suite 615
New York, NY  10004
**Tel: 212-374-9790**

Signature pursuant to 9 NYCRR 130-1.1-a

Dated: March 15, 2023                Signature _____

                                     Glenford Warmington, Esq.

To:   ANTHONY PARKS,
      JOHN DOE & JANE DOE
      717 WOODMONT LANE,
      SLOATSBURG, NY 10974

Attorney(s) for Defendant

Service of a copy of the within                is hereby admitted

Dated,                                         _____

                                               Attorney(s) for

9489 0090 0027 6514 7628 43

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
WOODMONT RAMAPO, LLC                    Civil Action No. 23-CV-594
950 WOODMONT LANE
SLOATSBURG, NY 10974

                    Plaintiff,

        -against-                       **AFFIRMATION**
                                        **OF SERVICE**
ANTHONY PARKS,
717 WOODMONT LANE
SLOATSBURG, NY 10974

JOHN DOE, JANE DOE
717 WOODMONT LANE
SLOATSBURG, NY 11109
                    Defendants.
-----------------------------------------------------------X

Glenford Warmington, Esq. being duly sworn deposes and says:

I am over 18 years of age and not a party to this action. On March 15, 2023, I served the

annexed Motion to Remand the Proceeding upon the Respondents, by mailing a true copy of the

attached papers, enclosed and properly sealed in a postpaid envelope, via first class mail, certified

mail, and overnight mail, return receipt requested, and addressed as follows:

ANTHONY PARKS,
717 WOODMONT LANE
SLOATSBURG, NY 10974

JOHN DOE, JANE DOE
717 WOODMONT LANE
SI OATSBURG, NY 11109

                    By: _____
                            Glenford Warmington, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STERLINGTON HOLDINGS, INC.,
d/b/a WOODGROVE AT STERLINGTON          Civil Action No.  23-CV-594
formerly Woodmont Ramapo, LLC
950 WOODMONT LANE
SLOATSBURG, NY 10974
                         Plaintiff,

-against-

ANTHONY PARKS
717 WOODMONT LANE
SLOATSBURG, NY 10974

JOHN DOE, JANE DOE
717 WOODMONT LANE
SLOATSBURG, NY 11109
                         Defendant.
------------------------------------------------------------X

Glenford Warmington, Esq., attorney for Plaintiff, Sterlington Holdings, Inc., d/b/a

Woodgrove at Sterlington, formerly Woodmont Ramapo, LLC in the above-captioned proceeding,

swears under penalty of perjury, as follows:

1.     Plaintiff owns and operates the residential building located at 717 Woodmont Lane,

       Sloatsburg, New York 10974.  The Premises is located in the Jurisdiction of the Justice

       Court of the Town of Ramapo, County of Rockland, State of New York.

2.     Defendant Anthony Parks (hereinafter the "Defendant") entered into a lease agreement

       with the Plaintiff on November 23, 2019, wherein Defendant agreed to rent the premises

       for residential purposes.  The lease began on November 25, 2019 and ended on December

       24, 2020.

3.     As per the Lease Agreement, Defendant was to remit monthly payments of $2,575.00 in

       rent to Plaintiff.

4.      Defendant failed to pay rent on time and in full as required by the Lease Agreement. Accordingly, on or about December 22, 2020, Plaintiff filed a Notice of Petition and Petition against the Defendant in the town of Ramapo Justice Court, County of Rockland. After many attempts by the Defendant to delay the proceeding, a trial in this matter was to take place on January 26, 2023.

5.      However, in a last-ditch effort to further delay the Eviction proceeding, Defendant advised Plaintiff and the Housing Court that he moved this proceeding to Federal Court.

6.      Petitioner now respectfully submits the attached Memorandum of Law in Support of its Motion to Remand this proceeding to its proper forum of the Town of Ramapo Justice Court, County of Rockland, State of New York.

**WHEREFORE**, Petitioner respectfully requests that its motion be granted and the Court remand this proceeding to the Justice Court of the Town of Ramapo, County of Rockland, State of New York, and for any further relief that this Court may deem just and proper.

Dated: March 15, 2023

_____

Glenford Warmington, Esq.
Griffin Alexander, P.C.
11 Broadway, Suite 615
New York, NY 10004
212-374-9790

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

WOODMONT RAMAPO, LLC                              Civil Action No.  23-CV-594
950 WOODMONT LANE
SLAOTSBURG, NY 10974

                        PLAINTIFF

-AGAINST-

ANTHONY PARKS,
717 WOODMONT LANE,
SLOATSBURG, NY 10974

JOHN DOE, JANE DOE
717 WOODMONT LANE
SLOATSBURG, NY 11109

                        Defendants

--------------------------------------------------------X

## AFFIRMATION OF GLENFORD WARMINGTON, ESQ.

Griffin Alexander P.C.
Attorneys for Plaintiff
11 Broadway, Suite 615
New York, NY  10004
Tel: 212-374-9790

Signature pursuant to 9 NYCRR 130-1.1-a

Dated: March 15, 2023               Signature _____

                                    Glenford Warmington, Esq.

To:    ANTHONY PARKS,
       JOHN DOE & JANE DOE
       717 WOODMONT LANE,
       SLOATSBURG, NY 10974

Attorney(s) for Defendants

Service of a copy of the within                 is hereby admitted

Dated,                                          _____
                                                Attorney(s) for

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

STERLINGTON HOLDINGS, INC.,
d/b/a WOODGROVE AT STERLINGTON                     Civil Action No.  23-CV-594
formerly Woodmont Ramapo, LLC
950 WOODMONT LANE
SLOATSBURG, NY 10974
                              Plaintiff,


-against-

ANTHONY PARKS
717 WOODMONT LANE
SLOATSBURG, NY 10974

JOHN DOE, JANE DOE
717 WOODMONT LANE
SLOATSBURG, NY 11109
                              Defendants



-----------------------------------------------------------------X




MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................3

STATEMENT OF
FACTS...........................................................................................................................3,4

ARGUMENT ......................................................................................................................4

I. .....................DEFENDANT'S NOTICE OF REMOVAL IS PROCEDURALLY DEFICIENT
.................................................................................................................................4

II. ....................DEFENDANT FAILED TO ESTABLISH A PROPER BASIS FOR REMOVAL
............................................................................................................................4,5,6

III.               CONCLUSION................................................................................................6

### Cases

Somlyo v. Lu-Rob Enterprises, Inc. 932 F.2d 1043, 1045-46 (2d. Cir. 1991) ................................ 4

United Food & Commercial Workers Union, Local 919, AFL-CIO v. Centermark Properties
    Meridian Square Inc., 30 F.3d 298, 301 (2d. Cir. 1994) ................................................. 4

Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)................................................................. 4

Glen 6 Associates v. Dedaj, 770 F.Supp 225, 228 (S.D.N.Y. 1991) .............................................. 5

Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-348 (1999) ...................... 4

Hardman v. Bristol-Meyers Squib Co. United States District Court S.D. New York 2019 WL
    1714600 ................................................................................................................................. 5

### Statutes

28 U.S.C. 1331 .................................................................................................................. 4,5

28 U.S.C. 1332 ................................................................................................................... 5

28 U.S.C. 1441 ................................................................................................................... 4

28 U.S.C. 1446 ................................................................................................................ 3, 4

NYRPL § 701 ..................................................................................................................... 5

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in support of Plaintiff's Motion to Remand this matter back to the Justice Court of the Town of Ramapo, County of Rockland, State of New York. As Defendant has not complied with 28 U.S.C. 1446, and does not show a proper basis for removal, Plaintiff requests this matter be remanded back to the Justice Court of the Town of Ramapo, County of Rockland State of New York.

## STATEMENT OF FACTS

Plaintiff owns and operates the residential building located at 717 Woodmont Lane, Sloatsburg, New York 10974 (the "Premises"). The Premises are located in the jurisdiction of the Justice Court of the Town of Ramapo, County of Rockland, State of New York. Plaintiff's management office is located at 950 Woodmont Lane, Sloatsburg, New York 10974.

Defendant Anthony Parks (hereinafter "Defendant") entered into a Lease Agreement with Plaintiff on November 23, 2019, wherein Defendant agreed to rent the Premises for residential purposes. See Warmington Aff. at ¶ 2. The Lease term commenced on November 25, 2019 and terminated on December 24, 2020. See Id. Pursuant to the Lease Agreement, Defendant was to remit monthly payments of $2,575.00 as rent to Plaintiff. See Warmington Aff. at ¶ 3. Defendant failed to pay rent on time and in full as required by the Lease Agreement. Accordingly, on or about December 22, 2020, Plaintiff filed a Notice of Petition and Petition against the Defendant in the town of Ramapo Justice Court, County of Rockland. See Warmington Aff. at ¶ 4.

After many attempts of delaying the proceeding by Defendant, the trial was to take place on January 26, 2023. Defendant, however, in a last ditch effort to stall the proceeding in Housing Court filed a Motion to Remove the case to this Court. See Warmington Aff. at ¶ 6.

## ARGUMENT

## I.   DEFENDANT'S NOTICE OF REMOVAL IS PROCEDURALLY DEFICIENT

28 U.S.C. 1446 requires a party seeking to file a notice of removal to do so within 30 days of being served with a complaint. Defendant was served with the Notice of Petition and Petition for Non-Payment on or about December 21, 2020, and his removal notice was filed over two years later. This is well beyond the 30-day requirement under Federal law. Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-348 (1999). Defendant is attempting to use the Federal courts to improperly delay the eviction proceeding.

## II.   DEFENDANT HAS FAILED TO ESTABLISH A PROPER BASIS FOR REMOVAL

The Second Circuit has held that 28 U.S.C. 1441 is to be strictly construed against removal. Somlyo v. Lu-Rob Enterprises, Inc., 932 F.2d 1043, 1045-46 (2d. Cir. 1991). It is the removing party's burden to demonstrate the existence of Federal jurisdiction. United Food & Commercial Workers Union, Local 919, AFL-CIO v. Centermark Properties Meridian Square Inc., 30 F.3d 298, 301 (2d. Cir. 1994).

The district court would have jurisdiction if the matter in controversy involved a Federal law, treaty, or provision of the U.S. Constitution § 28 U.S.C. 1331. In the instant case, there is no Federal question jurisdiction presented in this matter because this is an Eviction proceeding based on Defendant's failure to pay rent for rental property located in Rockland County, New York.

4

Federal Courts have explicitly held that "eviction matters are state matters and do not implicate Federal law." See Glen 6 Associates v. Dedaj, 770 F.Supp 225, 228 (S.D.N.Y. 1991).

Further, New York Real Property Actions and Proceeding Law Section 701 explicitly provides that "the place of trial of the special proceeding shall be within the jurisdictional area of the court in which the real property or a portion thereof is situated..." See New York Consolidated Laws, Real Property Actions and Proceedings Law § 701(2) (2021). Thus, Plaintiff properly brought the original Non-Payment proceeding in the Justice Court of the Town of Ramapo, County of Rockland, State of New York because this is where the Premises is situated.

Further, there is no diversity of citizenship. 28 U.S.C. 1332 allows for district courts to have jurisdiction when the amount in controversy is greater than $75,000.00 and when the controversy involves parties from different states. Plaintiff has offices in New York state and the Premises is located in New York state. Defendant continues to reside at the Premises and continues to remain a New York State resident. The matter in controversy is also less than $75,000. The Non-Payment Petition alleges nonpayment of rent in the amount of $17,968.80. Thus, because all parties reside in New York and the amount in controversy is less than $75,000 there is no diversity jurisdiction.

Even if there was diversity of citizenship, Defendant does not qualify under 28 U.S.C. 1332. Defendant is a resident of the State of New York where the original action was initially filed. 28 U.S.C. 1332 or, better known as the forum defendant rule, prohibits a defendant from removing a matter to Federal court based on diversity of citizenship if that defendant is a citizen of the state where the matter was initially filed. Hardman v. Bristol-Meyers Squib Co.2019 WL 1714600 (S.D.N.Y. 2019). Defendant is a citizen of New York State where the Non-Payment proceeding was initially filed. Defendant is therefore barred from removing this matter to Federal Court.

As stated above, Defendant has not met its burden to justify removal of this eviction proceeding to Federal Court. Defendant has not provided any proof that (i) Plaintiff's Non-Payment Petition involved a federal question, (ii) that there is diversity jurisdiction, and further (iii) any reasonable basis to credibly argue this matter should be in Federal Court. Further, it is well established law that eviction proceedings are state matters and do not implicate Federal law. Manifestly, Defendant is attempting to stall the proceedings to prevent the Town of Ramapo District Court on ruling on the eviction proceeding.

## CONCLUSION

Plaintiff respectfully requests this motion be granted and this matter be remanded back to the Justice Court of the Town of Ramapo, County of Rockland, State of New York as well as awarding Plaintiff fees and costs associated with this action.

Respectfully submitted,

Glenford Warmington, Esq.
Griffin Alexander, P.C.
11 Broadway, Suite 615
New York, NY 10004
T: 212-374-9790
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STERLINGTON HOLDINGS, INC.,
d/b/a WOODGROVE AT STERLINGTON          Civil Action No. 23-CV-594
formerly Woodmont Ramapo, LLC
950 WOODMONT LANE
SLOATSBURG, NY 10974
                                    Plaintiff,

-against-

ANTHONY PARKS
717 WOODMONT LANE
SLOATSBURG, NY 10974

JOHN DOE, JANE DOE
717 WOODMONT LANE
SLOATSBURG, NY 11109
                          Defendant.
------------------------------------------------------------X

     Glenford Warmington, Esq., attorney for Plaintiff, Sterlington Holdings, Inc., d/b/a

Woodgrove at Sterlington, formerly Woodmont Ramapo, LLC in the above-captioned proceeding,

swears under penalty of perjury, as follows:

1.     Plaintiff owns and operates the residential building located at 717 Woodmont Lane,

     Sloatsburg, New York 10974. The Premises is located in the Jurisdiction of the Justice

     Court of the Town of Ramapo, County of Rockland, State of New York.

2.     Defendant Anthony Parks (hereinafter the "Defendant") entered into a lease agreement

     with the Plaintiff on November 23, 2019, wherein Defendant agreed to rent the premises

     for residential purposes. The lease began on November 25, 2019 and ended on December

     24, 2020.

3.     As per the Lease Agreement, Defendant was to remit monthly payments of $2,575.00 in

     rent to Plaintiff.

4.      Defendant failed to pay rent on time and in full as required by the Lease Agreement. Accordingly, on or about December 22, 2020, Plaintiff filed a Notice of Petition and Petition against the Defendant in the town of Ramapo Justice Court, County of Rockland. After many attempts by the Defendant to delay the proceeding, a trial in this matter was to take place on January 26, 2023.

5.      However, in a last-ditch effort to further delay the Eviction proceeding, Defendant advised Plaintiff and the Housing Court that he moved this proceeding to Federal Court.

6.      Petitioner now respectfully submits the attached Memorandum of Law in Support of its Motion to Remand this proceeding to its proper forum of the Town of Ramapo Justice Court, County of Rockland, State of New York.

      **WHEREFORE**, Petitioner respectfully requests that its motion be granted and the Court remand this proceeding to the Justice Court of the Town of Ramapo, County of Rockland, State of New York, and for any further relief that this Court may deem just and proper.

Dated: March 15, 2023

                                       Glenford Warmington, Esq.
                                       Griffin Alexander, P.C.
                                       11 Broadway, Suite 615
                                       New York, NY 10004
                                       212-374-9790

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

WOODMONT RAMAPO, LLC                                    Civil Action No.  23-CV-594
950 WOODMONT LANE
SLAOTSBURG, NY 10974

                          PLAINTIFF

-AGAINST-

ANTHONY PARKS,
717 WOODMONT LANE,
SLOATSBURG, NY 10974

JOHN DOE, JANE DOE
717 WOODMONT LANE
SLOATSBURG, NY 11109

                          Defendants

------------------------------------------------------X

_____

## AFFIRMATION OF GLENFORD WARMINGTON, ESQ.

Griffin Alexander P.C.
Attorneys for Plaintiff
11 Broadway, Suite 615
New York, NY  10004
Tel: 212-374-9790

_____

Signature pursuant to 9 NYCRR 130-1.1-a

Dated: March 15, 2023                    Signature _____
                                                   Glenford Warmington, Esq.

_____

To:     ANTHONY PARKS,
        JOHN DOE & JANE DOE
        717 WOODMONT LANE,
        SLOATSBURG, NY 10974

_____

Attorney(s) for Defendants
_____
Service of a copy of the within                   is hereby admitted


Dated,                                            _____
                                                  Attorney(s) for

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

STERLINGTON HOLDINGS, INC.,
d/b/a WOODGROVE AT STERLINGTON            Civil Action No.  23-CV-594
formerly Woodmont Ramapo, LLC
950 WOODMONT LANE
SLOATSBURG, NY 10974
                                Plaintiff,

-against-

ANTHONY PARKS
717 WOODMONT LANE
SLOATSBURG, NY 10974

JOHN DOE, JANE DOE
717 WOODMONT LANE
SLOATSBURG, NY 11109
                        Defendants


------------------------------------------------------------X


MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT .................................................................................................3

STATEMENT OF
FACTS…………………………………………………………….....................................3,4

ARGUMENT ........................................................................................................................4

I. ........................DEFENDANT'S NOTICE OF REMOVAL IS PROCEDURALLY DEFICIENT
.............................................................................................................................................4

II. ......................... DEFENDANT FAILED TO ESTABLISH A PROPER BASIS FOR REMOVAL
......................................................................................................................................4,5,6

III.                    CONCLUSION.................................................................................6

### Cases

Somlyo v. Lu-Rob Enterprises, Inc. 932 F.2d 1043, 1045-46 (2d. Cir. 1991) ............................... 4
United Food & Commercial Workers Union, Local 919, AFL-CIO v. Centermark Properties
    Meridian Square Inc., 30 F.3d 298, 301 (2d. Cir. 1994)............................................................ 4
Caterpillar, Inc. v. Williams, 482 <u>U.S.</u> 386, 392 (1987)................................................................. 4
Glen 6 Associates v. Dedaj, 770 <u>F.Supp</u> 225, 228 (S.D.N.Y. 1991)............................................. 5
Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc., 526 <u>U.S.</u> 344, 347-348 (1999) ..................... 4
Hardman v. Bristol-Meyers Squib Co. United States District Court S.D. New York 2019 WL
    1714600 ...................................................................................................................................... 5

### Statutes

28 <u>U.S.C.</u> 1331............................................................................................................................ 4,5
28 <u>U.S.C.</u> 1332............................................................................................................................... 5
28 <u>U.S.C.</u> 1441............................................................................................................................... 4
28 <u>U.S.C.</u> 1446.......................................................................................................................... 3, 4
<u>NYRPL § 701</u> ................................................................................................................................. 5

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in support of Plaintiff's Motion to Remand this matter back to the Justice Court of the Town of Ramapo, County of Rockland, State of New York. As Defendant has not complied with 28 U.S.C. 1446, and does not show a proper basis for removal, Plaintiff requests this matter be remanded back to the Justice Court of the Town of Ramapo, County of Rockland State of New York.

## STATEMENT OF FACTS

Plaintiff owns and operates the residential building located at 717 Woodmont Lane, Sloatsburg, New York 10974 (the "Premises"). The Premises are located in the jurisdiction of the Justice Court of the Town of Ramapo, County of Rockland, State of New York. Plaintiff's management office is located at 950 Woodmont Lane, Sloatsburg, New York 10974.

Defendant Anthony Parks (hereinafter "Defendant") entered into a Lease Agreement with Plaintiff on November 23, 2019, wherein Defendant agreed to rent the Premises for residential purposes. See Warmington Aff. at ¶ 2. The Lease term commenced on November 25, 2019 and terminated on December 24, 2020. See Id. Pursuant to the Lease Agreement, Defendant was to remit monthly payments of $2,575.00 as rent to Plaintiff. See Warmington Aff. at ¶ 3. Defendant failed to pay rent on time and in full as required by the Lease Agreement. Accordingly, on or about December 22, 2020, Plaintiff filed a Notice of Petition and Petition against the Defendant in the town of Ramapo Justice Court, County of Rockland. See Warmington Aff. at ¶ 4.

After many attempts of delaying the proceeding by Defendant, the trial was to take place

on January 26, 2023. Defendant, however, in a last ditch effort to stall the proceeding in Housing

Court filed a Motion to Remove the case to this Court. See Warmington Aff. at ¶ 6.

**ARGUMENT**

## I.  DEFENDANT'S NOTICE OF REMOVAL IS PROCEDURALLY DEFICIENT

28 U.S.C. 1446 requires a party seeking to file a notice of removal to do so within 30 days

of being served with a complaint. Defendant was served with the Notice of Petition and Petition

for Non-Payment on or about December 21, 2020, and his removal notice was filed over two years

later. This is well beyond the 30-day requirement under Federal law. Murphy Bros. Inc. v. Michetti

Pipe Stringing, Inc., 526 U.S. 344, 347-348 (1999). Defendant is attempting to use the Federal

courts to improperly delay the eviction proceeding.

## II.  DEFENDANT HAS FAILED TO ESTABLISH A PROPER BASIS FOR REMOVAL

The Second Circuit has held that 28 U.S.C. 1441 is to be strictly construed against removal.

Somlyo v. Lu-Rob Enterprises, Inc., 932 F.2d 1043, 1045-46 (2d. Cir. 1991).  It is the removing

party's burden to demonstrate the existence of Federal jurisdiction.  United Food & Commercial

Workers Union, Local 919, AFL-CIO v. Centermark Properties Meridian Square Inc., 30 F.3d

298, 301 (2d. Cir. 1994).

The district court would have jurisdiction if the matter in controversy involved a Federal

law, treaty, or provision of the U.S. Constitution § 28 U.S.C. 1331. In the instant case, there is no

Federal question jurisdiction presented in this matter because this is an Eviction proceeding based

on Defendant's failure to pay rent for rental property located in Rockland County, New York.

4

Federal Courts have explicitly held that "eviction matters are state matters and do not implicate Federal law." See Glen 6 Associates v. Dedaj, 770 F.Supp 225, 228 (S.D.N.Y. 1991).

Further, New York Real Property Actions and Proceeding Law Section 701 explicitly provides that "the place of trial of the special proceeding shall be within the jurisdictional area of the court in which the real property or a portion thereof is situated…" See New York Consolidated Laws, Real Property Actions and Proceedings Law § 701(2) (2021).  Thus, Plaintiff properly brought the original Non-Payment proceeding in the Justice Court of the Town of Ramapo, County of Rockland, State of New York because this is where the Premises is situated.

Further, there is no diversity of citizenship. 28 U.S.C. 1332 allows for district courts to have jurisdiction when the amount in controversy is greater than $75,000.00 and when the controversy involves parties from different states. Plaintiff has offices in New York state and the Premises is located in New York state. Defendant continues to reside at the Premises and continues to remain a New York State resident.  The matter in controversy is also less than $75,000.  The Non-Payment Petition alleges nonpayment of rent in the amount of $17,968.80. Thus, because all parties reside in New York and the amount in controversy is less than $75,000 there is no diversity jurisdiction.

Even if there was diversity of citizenship, Defendant does not qualify under 28 U.S.C. 1332. Defendant is a resident of the State of New York where the original action was initially filed. 28 U.S.C. 1332 or, better known as the forum defendant rule, prohibits a defendant from removing a matter to Federal court based on diversity of citizenship if that defendant is a citizen of the state where the matter was initially filed. Hardman v. Bristol-Meyers Squib Co.2019 WL 1714600 (S.D.N.Y. 2019). Defendant is a citizen of New York State where the Non-Payment proceeding was initially filed. Defendant is therefore barred from removing this matter to Federal Court.

As stated above, Defendant has not met its burden to justify removal of this eviction proceeding to Federal Court. Defendant has not provided any proof that (i) Plaintiff's Non-Payment Petition involved a federal question, (ii) that there is diversity jurisdiction, and further (iii) any reasonable basis to credibly argue this matter should be in Federal Court. Further, it is well established law that eviction proceedings are state matters and do not implicate Federal law. Manifestly, Defendant is attempting to stall the proceedings to prevent the Town of Ramapo District Court on ruling on the eviction proceeding.

## CONCLUSION

Plaintiff respectfully requests this motion be granted and this matter be remanded back to the Justice Court of the Town of Ramapo, County of Rockland, State of New York as well as awarding Plaintiff fees and costs associated with this action.

Respectfully submitted,

Glenford Warmington, Esq.
Griffin Alexander, P.C.
11 Broadway, Suite 615
New York, NY 10004
T: 212-374-9790
Attorneys for Plaintiff

6